

FILED

**NOT FOR PUBLICATION**

FEB 24 2014

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RACHEL LEWIS; et al., | No. 12-55058 |
| Plaintiffs - Appellants, | D.C. No. 5:11-cv-01594-VAP-OP |
| v. | |
| COUNTY OF SAN BERNARDINO; et al., | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, District Judge, Presiding

Argued and Submitted February 4, 2014
Pasadena, California

Before: SCHROEDER and CLIFTON, Circuit Judges, and TUNHEIM, District
Judge.**

Plaintiffs Rachel Lewis and R.L. appeal the dismissal of this § 1983 action

regarding the suicide of decedent David Lewis. We affirm.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The Honorable John R. Tunheim, District Judge for the United States
District Court for the District of Minnesota, sitting by designation.

In general, the government owes no due process duty to protect an individual from private action. *DeShaney v. Winnebago County Department of Social Services*, 489 U.S. 189, 197 (1989); *see also Henry A. v. Willden*, 678 F.3d 991, 998 (9th Cir. 2012). There are two exceptions to this rule. First, the special relationship exception applies when "a custodial relationship exists between the plaintiff and the State such that the State assumes some responsibility for the plaintiff's safety and well-being." *Henry A.*, 678 F.3d at 998. Second, the state created or enhanced danger exception applies when the state affirmatively "exposes an individual to a danger which he or she would not have otherwise faced." *Kennedy v. City of Ridgefield*, 439 F.3d 1055, 1061 (9th Cir. 2006).

Plaintiffs have failed to plausibly plead a claim under either exception. As to the State Defendants, the complaint fails to plausibly allege that California Highway Patrol Officer Bissett knew of or was deliberately indifferent to decedent's fragile mental condition. Erratic driving and materials in the car suggesting suicide (such as books and medications) are insufficient to plausibly allege that an officer conducting a routine DUI arrest was deliberately indifferent to a suicidal arrestee, particularly where there are no allegations that the officer read the book cover, inspected the medications, or would have understood the significance of the medications had he inspected them. *Cf. Ashcroft v. Iqbal*, 556

2

U.S. 662, 680-81 (2009). Nor are there any plausible allegations that Officer Bissett left decedent in a worse position than when Bissett found him in the process of "committing suicide." Plaintiffs therefore have failed to allege that the State Defendants created or enhanced the danger.

As to the County Defendants, Plaintiffs' allegations fall short because decedent killed himself 12 hours after he was released from custody and had returned home to Las Vegas, where he presumably had access to medications and other help. Hence, at the time decedent committed suicide, there was no special relationship to take this case out of the general rule that the government owes no duty to protect against private action. *DeShaney*, 489 U.S. at 197; *see also Patel v. Kent School District*, 648 F.3d 965, 973-74 (9th Cir. 2011) (explaining that under *DeShaney*'s analysis of custody, this Court is concerned only with whether liberty is so restrained that persons (or, in the case of minors, their parents) cannot care for themselves). *Conn v. City of Reno* is inapposite because the decedent there was in custody at the time he killed himself. 591 F.3d 1081, 1091 (9th Cir. 2010), *reinstated in part and vacated in part on other grounds by* 658 F.3d 897 (9th Cir. 2011). Likewise, Plaintiffs have failed to plausibly allege that the County Defendants placed decedent in a worse position than before his detention and thus

have failed to state a claim that the County Defendants created or enhanced the danger.

We also affirm the district court's denial of leave to amend. Appellants' counsel's various new suggestions to amend could have been pleaded in the original complaint. Moreover, many of the possible new allegations, such as an allegation that the County Defendants worsened decedent's condition by denying him medication, are arguably inconsistent with the specific allegation that decedent was already in the process of committing suicide when he was apprehended. It was therefore not an abuse of discretion for the district court to deny leave to amend as futile. *See R.P. ex rel. C.P. v. Prescott Unified Sch. Dist.*, 631 F.3d 1117, 1123-24 (9th Cir. 2011) (affirming denial of leave to amend where plaintiffs sought to add "claims that were substantially different from their original claims" that could have been pleaded in the original complaint).

**AFFIRMED**.